IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:19-CV-977-RAH |
| ) | [WO] |
| HOUSTON COUNTY, *et al*., ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* U.S.C. § 1983 action challenging conditions at the Houston County Jail. On December 6, 2019, the court entered an order requiring Plaintiff to submit—on or before December 20, 2019—an appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* or pay the requisite filing and administrative fees. Doc. 3. The order cautioned Plaintiff that his failure to comply with the directives of the order would result in a Recommendation this case be dismissed. *Id*. The Clerk mailed a copy of this order to Plaintiff at the last service address on record.[1]

On December 12, 2019, Plaintiff's copy of the December 6, 2019, order was returned to the court marked as undeliverable because Plaintiff is no longer housed at the last service address the court has on file for him. Accordingly, the court entered an order on December 18, 2019, requiring that by December 30, 2019, Plaintiff file with the court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 5. This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff's copy of the December 18 order was returned to the court

---

[1] The last address provided by Plaintiff is the Houston County Jail.

December 27, 2019, marked as undeliverable. The court therefore concludes this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds dismissal of this case is the proper course of action. First, the administration of this case cannot properly proceed in Plaintiff's absence. Next, it appears Plaintiff is no longer interested in the prosecution of this case as he has failed to comply with the order of the court. Finally, under the circumstances of this case, the court finds that any additional effort by this court to secure Plaintiff's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the undersigned concludes this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (observing that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and prosecute this action.

It is

ORDERED that **on or before February 20, 2020**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 6th day of February 2020.

      /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE